IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY AND : <br> SUREY COMPANY OF AMERICA, : <br>     Plaintiff, : <br>         v. : <br> : <br> JEFFREY L. PERLMAN, *et al.*, : <br>     Defendants. : <br> : | CIVIL ACTION NO. 17-0599 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                                   **January 10, 2019**

Plaintiff Travelers Casualty and Surety Company of America filed suit against Defendant Jeffrey L. Perlman, Esq., and his clients,[1] seeking declaratory relief. Specifically, Travelers seeks rescission of two professional liability policies it issued to Perlman and a declaration that Travelers does not have a duty to defend or indemnify Perlman in any of the malpractice actions filed against him by his clients. Travelers filed a motion for default judgment against all Defendants, who have not responded to the suit. For the reasons that follow, the Court will grant Travelers' motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The complaint alleges the following facts, which are assumed to be true for purposes of the motion for default judgment.[2] Travelers issued two professional liability insurance policies ("the Policies") to Perlman—one in 2014 and the other in 2015—in reliance on the information Perlman provided in his written applications for the Policies. In both applications, Perlman

---

[1] Perlman's clients who are defendants in this case include Omar Sharif, Braheem Pittman, David Gill, Carol Gill, Jerry Mendez, and Yemarie Feliciano. Claims against three other clients of Perlman—Judith Spiller, Carolyn Pugh, and Johnnie Mebane—have been dismissed pursuant to stipulation whereby they agreed to be bound by any judgment for rescission of the insurance policy and any declaration that Travelers has no obligation to defend or indemnify Perlman.

[2] *See DIRECTTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

represented that he did not have knowledge of any incident, act, error, or omission that could be the basis of a claim against him.

However, when Perlman applied for the Policies, he knew that judgment had been entered against his clients David and Carol Gill, Jerry Mendez, and Yemarie Feliciano in two cases because he failed to file a complaint on their behalf within the time required by the court.[3] When he applied for the 2015 Policy, Perlman also knew that additional clients had potential claims against him due to his errors. For example, Perlman had received several letters from an attorney representing his former client, Judith Spiller, asking Perlman to notify his malpractice insurer of Perlman's negligent representation of Ms. Spiller, which included failing to address a Medicare lien that resulted in a reduction in Ms. Spiller's Social Security retirement benefits;[4] Perlman had received a settlement check for his client Alhaji Abraham and failed to disburse these proceeds to Mr. Abraham, despite numerous phone calls from Mr. Abraham, and Mr. Abraham filed a disciplinary complaint against Perlman; and a lawsuit Perlman filed on behalf of his client, Braheem Pittman, was dismissed because Perlman failed to return an executed settlement release to the defendant's insurance company and failed to comply with the court's order to compel settlement.[5]

Additionally, Perlman filed a Supplemental Statement to his application for the 2015 Policy in which he admitted only one disciplinary complaint made against him, despite

---

[3] Compl. [Doc. No. 1] ¶ 98.

[4] *Id.* at ¶ 40.

[5] *Id.* at ¶ 108.

knowledge of at least one other complaint asserted against him by Mr. Abraham.[6] Perlman also misrepresented the facts regarding the disclosed disciplinary complaint.[7]

Had Perlman disclosed these facts honestly in his applications for the Policies, Travelers has asserted that it would not have issued either the 2014 or the 2015 Policy, and therefore filed this declaratory judgment action.[8] None of the remaining Defendants[9] ever appeared in this action despite being properly served,[10] and the Clerk properly entered default against them. Travelers has now filed for default judgment against all remaining Defendants.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a properly served defendant who fails to file a timely responsive pleading.[11] To grant default judgment, the Court, as a threshold issue, "must ascertain whether the unchallenged facts constitute a legitimate cause of action."[12] Afterward, whether a court should grant default judgment is governed by the *Chamberlain* factors: (1) prejudice to the plaintiff if default judgment is denied; (2) whether the defendants appear to have a litigable defense; and (3) whether the defendants' delay is due to culpable conduct.[13]

---

[6] *Id.* at ¶ 113.

[7] *Id.* at ¶ 115.

[8] *Id.* at ¶ 101, 111.

[9] The only Defendants who did appear in this action have been dismissed pursuant to stipulation.

[10] Aff. of Service for Jeffrey Perlman [Doc. No. 32]; Aff. of Service for Omar Sharif [Doc. No. 27]; Aff. of Service for Braheem Pittman [Doc. No. 6]; Aff. of Service for David Gill [Doc. No. 14]; Aff. of Service for Carol Gill [Doc. No. 15]; Aff. of Service for Jerry Mendez [Doc. No. 11]; Aff. of Service for Yemarie Feliciano [Doc. No. 12].

[11] *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[12] *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015) (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008)).

[13] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III. DISCUSSION

### A. Legitimate Cause of Action

Travelers seeks rescission of the 2014 and 2015 Policies, as well as a declaration that, in light of the Policies' rescission, Travelers has no obligation to defend or indemnify Perlman in connection with any underlying claim or lawsuit asserted against him by his clients.[14] Under Pennsylvania law, an insurer may void an insurance policy by showing that: (1) the insured made a false representation; (2) the insured knew the representation was false when made or it was made in bad faith; and (3) the representation was material to the risk being insured.[15] "A misrepresented fact is material if being disclosed to the insurer it would have caused it to refuse the risk altogether or to demand a higher premium."[16]

Here, accepting the facts in the complaint as true, Travelers has satisfied all elements necessary for the rescission of the underlying Policies and a declaration that they are void. Perlman knowingly misrepresented, and failed to disclose, disciplinary complaints filed against him as well as errors he made in several of his client's cases on which claims against him could be made. These misrepresentations were material, and Travelers asserts that it would not have issued either the 2014 or 2015 policy had it known the true facts regarding the incidents, acts, errors, or omissions that could result in claims against Perlman.

---

[14] In the alternative, Travelers seeks a declaration that the Policies do not provide coverage for the underlying claims based on the terms and conditions of the Policies. The Court will not address this alternative remedy sought, because the Court finds that Travelers has stated a legitimate cause of action for rescission of the Policies and a declaration that Travelers has no obligation to defend or indemnify Perlman in connection with the claims asserted against him by his clients.

[15] *Northwestern Mutual Life Insurance Co. v. Babayan,* 430 F.3d 121, 129 (3d Cir. 2005); *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004); *Rohm & Haas Co. v. Cont'l Cas. Co.,* 781 A.2d 1172, 1179 (Pa. 2001).

[16] *N.Y. Life Ins. Co. v. Johnson,* 923 F.2d 279, 281 (3d Cir. 1991).

## B. The *Chamberlain* Factors

The *Chamberlain* factors support entry of default judgment in this case. First, Travelers will be prejudiced if default judgment is denied. Although all Defendants were properly served with both the summons and complaint, they have not entered appearances in this action. Therefore, "denying the motion will prejudice [Travelers] because [it] has 'no other means of vindicating his claims against' Defendant[s]."[17]

Second, because the remaining Defendants have not filed an answer, the Court cannot conclude that they have a litigable defense,[18] and it is "not the court's responsibility to research the law and construct the parties' arguments for them."[19]

Third, culpable conduct of Defendants led to the default. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant."[20] "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard,"[21] and courts have found the standard satisfied where a non-responding defendant is properly served and fails to offer reasons for its failure to respond.[22] In this case, although Defendants were properly served, notified by the Court that they needed to

---

[17] *Harty v. Azad Holdings, LLC,* No. 14–6566, 2016 WL 4045338, at *3 (E.D. Pa. July 27, 2016) (internal quotation and citation omitted); *see also Einhorn v. Klayman Produce Co.*, No. 13–1720, 2013 WL 6632521, at *4 (E.D. Pa. Dec. 17, 2013) (granting default judgment and noting that "Defendant's lack of participation in this action continues to cause prejudice to Plaintiff").

[18] *Hill v. Williamsport Police Dep't.*, 69 F. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense; the second factor was hence inconclusive.").

[19] *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271–72 (E.D. Pa. 2014) (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)).

[20] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984); *see also Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 52 (3d Cir. 2003).

[21] *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted).

[22] *Einhorn*, 2013 WL 6632521, at *4; *Innovative Office Prods., Inc. v. Amazon.com, Inc.*, No. 10–4487, 2012 WL 1466512, at * 3 (E.D. Pa. Apr. 26, 2012).

respond to the complaint, and received additional time to respond to the complaint, they never answered the complaint or otherwise appeared in this case. Therefore, the Court can "find no excuse or justification for default, apart from Defendant[s'] own culpability."[23]

## IV. CONCLUSION

Based upon the unchallenged factual allegations of the complaint which establish legitimate causes of action, and the evaluation of the *Chamberlain* factors, this Court holds that Travelers is entitled to the requested declaratory relief. An appropriate Order follows.

---

[23] *Einhorn*, 2013 WL 6632521, at *4.